UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Norman and Cheryl Porter

     v.                                  Civil No. 13-cv-429-JD
                                            Opinion No. 2014 DNH 190
Countrywide Home Loans, Inc., et al.


O R D E R

Norman and Cheryl Porter brought suit alleging claims
arising from efforts by Countrywide Home Loans, Inc., Bank of
America, N.A., and Bank of New York Mellon as Trustee for the
Shareholders of the CWABS Inc., Asset-Backed Certificates, Series
2005-13, to collect the Porter's mortgage loan.  Bank of America
and Bank of New York Mellon ("defendants") move for summary
judgment on that part of the Porters' "Third Claim of Relief"
under the Unfair Collection Practices Act, RSA 358-C:4, VI, which
seeks damages pursuant to the Consumer Protection Act, RSA 358-
A.[1]  The Porters object to the motion for summary judgment and
also move to certify questions to the New Hampshire Supreme
Court.  The defendants object to certification.

---

[1]Although the Porters cite RSA 358-C:4, IV, in their
complaint, that appears to have been a typographical error.  In
their objection to the motion for summary judgment and their
motion to certify questions, the Porters reference and quote RSA
358-C:4, VI.  Therefore, to avoid any further confusion, the
statute in question is RSA 358-C:4, VI.

I.  <u>Motion to Certify Questions</u>

The Porters ask the court to certify several questions to the New Hampshire Supreme Court about the interpretation of RSA 358-C:4, VI.  They argue that the parties' different interpretations of RSA 358-C:4, VI, significantly affect what damages may be available to them and that the statutory interpretation issues have only been addressed in one superior court decision.  The defendants contend that certification is unnecessary because the issue has been addressed by the superior court decision and that certification is inappropriate because the RSA 358-C:4, VI, damages issue is not determinative of the case.

The New Hampshire Supreme Court "may answer questions of law certified to it" by this court if the legal issue "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court."  N.H. Sup. Ct. R. 34; <u>see also</u> <u>United States v. Howe</u>, 736 F.3d 1, 3 (1st Cir. 2013).  Whether to certify a question to the New Hampshire Supreme Court, however, is a decision left to the court's discretion.  <u>Lehman Bros. v. Schein</u>, 416 U.S. 386, 391 (1974).  "When state law is sufficiently clear . . . to allow a federal court to predict its course, certification is both inappropriate and unwarranted."  <u>Manchester Sch. Dist. v. Crisman</u>, 306 F.3d 1, 14 (1st Cir. 2002).

2

The interpretation of RSA 358-C:4, VI, affects only the measure of damages in one of the Porters' three claims. The damages issue is not determinative of the cause pending here. Cf. City of Portsmouth v. Schlesinger, 57 F.3d 12, 18 (1st Cir. 1995) (certifying question because statute of limitations issue may be determinative of the case). Therefore, certification is inappropriate.

In addition, as is more fully developed in the context of summary judgment, despite the absence of a controlling decision by the New Hampshire Supreme Court, New Hampshire law is sufficiently clear to allow this court to predict the likely interpretation of RSA 358-C:4, VI.

## II. Motion for Summary Judgment

In their motion for summary judgment, the defendants contend that the Porters cannot seek damages against them under RSA chapter 358-A for violations of RSA chapter 358-C. Specifically, the defendants argue that they are exempt from RSA chapter 358-A as provided by RSA 358-A:3, I. In response, the Porters argue that RSA 358-C:4, VI, provides a private right of action, that RSA 358-A:3 does not exempt the defendants from actions brought under RSA 358-C:4, VI, and that they are entitled to damages under RSA chapter 358-A.

RSA 358-C:4, VI, provides as follows: "Any violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 and

3

may be enforced by the attorney general pursuant to RSA 358-A."
The Porters argue that RSA 358-C:4, VI, should be interpreted to
provide a private right of action for them to recover damages
under RSA 358-A, despite the language that a violation of RSA
358-C:4, VI, may be enforced by the attorney general.  They
further contend that because they bring their claim under RSA
358-C:4, VI, the exemptions to RSA chapter 358-A provided by RSA
358-A:3 do not apply.

In Himes v. Client Servs. Inc., 990 F. Supp. 2d 59, 65 n.4
(D.N.H. 2014), another judge in this court assumed without
deciding that RSA 358-C:4, VI, would provide a private right of
action to enforce RSA 358-A, "although the plain language of the
statute seems to indicate otherwise."  The court followed that
course because the plaintiff's claim under 358-C:4, VI, failed
for other reasons.  Similarly in this case, it is not necessary
to resolve the question of whether RSA 358-C:4, VI, provides a
private right of action because the damages claim is decided on
other grounds.

Actions brought under RSA chapter 358-A are limited by the
exemptions set forth in RSA 358-A:3.  See Rainville v. Lakes
Region Water Co., Inc., 163 N.H. 271, 274-75 (2012).  RSA 358-
A:3, I, exempts "[t]rade or commerce that is subject to the
jurisdiction of the bank commissioner, . . . or federal banking
or securities regulators who possess the authority to regulate
unfair or deceptive trade practices."  The defendants show that

4

they are regulated by the Office of the Comptroller of Currency ("OCC"), a federal agency.

The Porters assert, without citation to evidence, that BAC Home Loans Servicing, LP was not regulated by the OCC before its merger with Bank of America, N.A. in 2011 and say the date "may be material based on BAC's prohibited contracts with the Porters prior to July 1, 2011." The Porters also assert, while acknowledging that the issue is not material, that Bank of New York Mellon is not a party but is only acting as a trustee and that "[t]he Trust is regulated by the Securities and Exchange Commission." To the extent the Porters intended to raise an issue as to whether the defendants are subject to the jurisdiction of federal banking or securities regulators within the meaning of RSA 358-A:3, I, they have not sufficiently developed or supported that theory to oppose summary judgment on that ground. Fed. R. Civ. P. 56(e); see also Higgins v. New Balance Athletic Shoes, Inc., 194 F.3d 252, 260 (1st Cir. 1999); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

The Porters' primary argument is that RSA 358-A:3, I, does not apply to their claim because it was brought under RSA chapter 358-C not RSA chapter 358-A. The Porters argue that damages under RSA chapter 358-A are available for violations of RSA chapter 358-C but that the exemptions provided by RSA 358-A:3 do not apply to their claim under RSA chapter 358-C:4, VI. The Porters' interpretation of RSA 358-A:4, VI, to circumvent the

5

exemptions provided by RSA 358-A:3, I, is not reasonable in the context of the statutory language taken as a whole.

"A court interpreting New Hampshire law must 'first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.'" Howe, 736 F.3d at 3 (quoting State v. Dor, 165 N.H. 198, 200 (2013)).  The court interprets a statute "in the context of the entire statutory scheme."  Dor, 165 N.H. at 200.

RSA 358-C:4, VI, provides that a violation of RSA chapter 358-C "shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2."[2]  RSA 358-A:2 is simply a list of acts that are unlawful and actionable under RSA chapter 358-A, which provides a right of action pursuant to RSA 358-A:10.  RSA 358-C:4, VI, adds another category of acts that are unlawful and actionable under RSA chapter 358-A.  RSA 358-A:3 exempts certain acts from RSA 358-A:2.  Based on that statutory scheme, a claim under RSA 358-C:4, VI, is a claim under RSA chapter 358-A that is subject to the exemptions provided by RSA 358-A:3.

The Hillsborough County Superior Court considered the same arguments in Warnock v. Countrywide Home Loans Servicing, LP, No. 216-2010-CV-351 (N.H. Super. Ct. July 2, 2012).  The superior court held that Bank of America was exempt under 358-A:3 from Warnock's claim under RSA 358-C:4, VI, because Bank of America

---

[2]The court again notes that the statute appears to limit enforcement to the attorney general.

was regulated by the state's banking commissioner.  <u>Warnock</u>, No. 216-2010-CV-351, slip. op. at 7-8.  The superior court also held that Warnock could not circumvent the exemptions provided by RSA 358-A:3 by asserting a right of action under RSA 358-C:4, VI. <u>Id.</u> at 8.  Although <u>Warnock</u> does not provide controlling precedent, the reasoning is persuasive and the holding provides guidance in this case.

Even if RSA 358-C:4, VI, would allow the Porters a right of action to claim a remedy under RSA chapter 358-A, the exemption under RSA 358-A:3, I, precludes the claim against the defendants in this case.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to certify (document no. 22) is denied.

The defendants' motion for partial summary judgment (document no. 18) is granted.  The plaintiffs' claim for damages under RSA chapter 358-A, alleged in their Third Claim of Relief at paragraph 150, is dismissed.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

September 10, 2014

cc:  Krista E. Atwater, Esq.
     Thomas J. Pappas, Esq.
     Mary E. Stewart, Esq.

7